UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARLO SNERLING, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:15-CV-2671-K (BF) |
| OCWEN LOAN SERVICING, LLC, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Motion for Final Summary Judgment [ECF No. 8] filed by Ocwen Loan Servicing, LLC ("Defendant"). For the reasons stated below, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion for Final Summary Judgment [ECF No. 8].

**BACKGROUND**

On October 6, 2006, Marlo Snerling ("Plaintiff") purchased property located at 2126 Pecan Ridge Drive, Forney, Texas 75126 (the "Property"). Deed of Trust, ECF No. 10-1 at 6-7. In connection with the purchase of the Property, Plaintiff executed a Note and a Deed of Trust in favor of Delta Funding Company. Deed of Trust, ECF No. 10-1 at 6; Note, ECF No. 10-1 at 29. The Note and Deed of Trust were later transferred to the current holder, HSBC Bank USA, N.A., as Indenture Trustee for the registered Noteholders of Renaissance Home Equity Loan Trust 2006-4, with Defendant acting as the loan servicer. Def.'s Br. 2, ECF No. 9. Plaintiff completed a loan application in order to obtain financing for the purchase of the Property, and she indicated in the loan application that that she was "unmarried." Uniform Residential Loan Application, ECF No. 10-1 at 34. Plaintiff also executed a Marital Status Affidavit certifying on the day of closing that she was "legally

separated and ha[s] not remarried." Marital Status Aff., ECF No. 10-1 at 39. Plaintiff was the only person to execute the Note and Deed of Trust. Note, ECF No. 10-1 at 31; Deed of Trust, ECF No. 10-1 at 22.

On October 3, 2014, Plaintiff filed her Original Petition against Defendant in the County Court at Law of Kaufman County, Texas. Original Pet., ECF No. 1-3. In the Original Petition, Plaintiff seeks rescission of the Deed of Trust and a declaration that the Deed of Trust is void, because she was married at the time she executed the closing documents, but her husband did not sign the security instrument. Original Pet. 1, ECF No. 1-3. On August 14, 2015, Defendant removed the case to the Northern District of Texas. Notice of Removal, ECF No. 1. On March 11, 2016, Defendant filed its Motion for Final Summary Judgment arguing that Plaintiff's claims fail as a matter of law, because Plaintiff's marital status is irrelevant and the Deed of Trust is valid with her signature alone. Def.'s Br. 4, ECF No. 9. Plaintiff failed to file a response and the time to do so has passed.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The

2

parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## **ANALYSIS**

Defendant argues that it is entitled to summary judgment because Texas case law is clear that only one spouse's signature is necessary on the Deed of Trust. Def.'s Br. 5, ECF No. 9. Defendant argues that, because Plaintiff executed the Deed of Trust, it is valid and enforceable, regardless of whether she was married at the time she executed the closing documents or if the Property was actually her homestead. *Id.* at 5-6, ECF No. 9. Defendant points out that a Court in this District has found that "nothing in the [Texas] constitution or applicable statutes indicates that one spouse's signature would not be sufficient to give rise to an enforceable purchase money lien on the homestead." *Leach v. First Fin. Resolution Partners, Inc.*, No. 3:97-CV-541-P, 1997 WL 405151, at *2 (N.D. Tex. July 14, 1997) (citing *Minnehoma Fin. Co. v. Ditto*, 566 S.W.2d 354, 358 (Tex. Civ. App.-Fort Worth 1978, writ ref'd n.r.e.); *McCarty v. Brackenridge*, 20 S.W. 997, 1001 (Tex. App. 1892, writ ref'd); Def.'s Br. 4-5, ECF No. 9. As Defendant also points out, "[t]here is no dispute that the lien at issue in the current matter is a purchase money lien for the Property." Def.'s Br. 5, ECF No. 9; Deed of Trust, ECF No. 10-1 at 6; Note, ECF No. 10-1 at 29. As previously stated, Plaintiff failed to file a response and the time to do so has passed. While Plaintiff's failure "does not permit the court to enter a 'default' summary judgment[,] . . . [a] court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed." *Esquivel v. McCarthy*, No. 3:15-CV-1326-L, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Eversley v. MBank*

3

*Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Defendant attaches to its Motion for Final Summary Judgment the Deed of Trust and Note that have been executed by Plaintiff. *See* Note, ECF No. 10-1 at 31; Deed of Trust, ECF No. 10-1 at 22. The Court construes this evidence as being uncontroverted. Therefore, as argued by Defendant, Plaintiff's claims for rescission and declaratory judgment fail as a matter of law and should be denied in their entirety. *See* Def.'s Br. 6, ECF No. 9.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion for Final Summary Judgment [ECF No. 8].

**SO RECOMMENDED**, this 7th day of November, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).